O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-00106 ODW (Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Monica Hujazi, et al. v. Bank of Am., Nat'l. Assoc.* | | |

Present: The Honorable Otis D. Wright II, United States District Judge

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order DENYING Defendant/Counter-Claimant's Motion for Summary Judgment [82] (Filed 01/13/11)**

## I.      INTRODUCTION

Currently before this Court is Defendant/Counter-Claimant Bank of America, National Association's ("Defendant") Motion for Summary Judgment ("Motion"). (Dkt. # 82.) On January 24, 2011, Plaintiffs filed an Opposition (Dkt. # 95), to which Defendant replied on January 31, 2011(Dkt. # 111). Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendant's Motion is **DENIED.**

## II.      FACTUAL BACKGROUND

The undisputed facts are as follows. In February 2003, First Republic Bank ("FRB" or "the Bank") entered into a loan agreement with Monica Hujazi ("Plaintiffs")[1] to provide a line of credit for $2,100,000 (the "2003 FRB Loan Agreement"). (SUF # 1.) This loan agreement was secured with a Deed of Trust against real property located at 1641-1645 Alexandria Avenue, Los Angeles, California (the "Alexandria Property"). (SUF # 2) Subsequently, in June 2005, Plaintiffs entered into a business loan agreement

---

[1]Although Monica Hujazi is but one plaintiff, she is suing in her individual capacity and in her capacity as trustee of the 1999 Zuercher Trust.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-00106 ODW (Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Monica Hujazi, et al. v. Bank of Am., Nat'l. Assoc.* | | |

with East West Bank ("East West") and the 2003 FRB loan was paid off.  (SUF ## 21, 31.)  The Alexandria Property was used to secure the loan from East West.  (SUF # 22.)  However, upon East West paying off the 2003 FRB loan, FRB failed to record a reconveyance, formally releasing its lien on the Alexandria Property.[2]  (SUF # 33)

About four months later, in October 2005, Plaintiffs entered into a second loan agreement with FRB for another $2,100,000 line of credit (the "2005 FRB Loan Agreement").  (SUF # 35.)  This loan agreement was secured with a Deed of Trust against real property located at 3201-3207 Mission Street, San Francisco, California (the "Mission Street Property").  (SUF # 37.)  Approximately three years later, in October 2008, Plaintiffs requested, and later received, an advance on the 2003 FRB line of credit in the amount of $800,000.  (SUF ## 47-48.)  Subsequently, in September 2009, FRB sent Plaintiffs a letter indicating that Plaintiffs had defaulted under the 2003 FRB Loan Agreement by impairing FRB's security interest, and demanding that Plaintiffs repay the $800,000 immediately.  (SUF ## 52-55.)  The letter further stated that pursuant to Section 4.2(d) of the 2003 FRB Loan Agreement, FRB was exercising its right to discontinue making advances to Plaintiffs under the 2005 FRB Loan.  (SUF # 56)

On January 7, 2010, Plaintiffs filed a Complaint against Bank of America, National Association ("Defendant"), successor in interest to FRB, alleging claims for breach of contract and declaratory relief.  (Dkt. # 1.)  Plaintiffs allege that from 2005 through 2009 Defendant provided Plaintiffs with monthly notices as to the availability of the 2003 FRB loan (SUF # 69); each year from 2005 through January 2010 Plaintiffs provided FRB with a listing of Plaintiffs' assets, making them aware of the East West loan secured by the Alexandria Property (SUF # 68); and that Defendant asserted an improper declaration of default and improperly froze Plaintiffs' lines of credit (SUF # 73).  On February 16, 2010, Defendant filed a counter-claim for money had and received.  (Dkt. # 22.)  Defendant now brings the instant Motion for Summary Judgment as to all claims.

---

[2]Pursuant to a Court order, Bank of America, FRB's successor in interest, reconveyed the Alexandria Deed of Trust in November 2010.  (SUF # 87)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00106 ODW (Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Monica Hujazi, et al. v. Bank of Am., Nat'l. Assoc.* | | |

## III.   LEGAL STANDARD

Summary judgment shall be granted by the Court if the moving party "shows that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  All inferences drawn from the underlying facts will be viewed in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  Once the moving party has met its initial burden of establishing that there is no genuine issue of material fact, the  non-moving party is then required to identify specific facts that show a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *see also Matsushita*, at 587.  "Where the record taken as a whole could not lead a rational trier of fact to find for the moving party, there is no 'genuine issue for trial'" and summary judgment may be granted as to any or all deficient claims. *See Matsushita*, at 587; *see also Wang Lab., Inc. v. Mitsubishi Elec. Am., Inc.,* 860 F. Supp. 1448, 1450 (C.D. Cal. 1993) ("Upon a showing that there is no genuine issue of material fact as to particular claims, the Court may grant summary judgment in the [moving party's] favor upon all or any part thereof.").

## III.   DISCUSSION

Defendant moves for summary judgment on Plaintiffs' claims for breach of contract and declaratory relief, and on Defendant's counter claim for money had and received.  Plaintiffs' breach of contract claim and Defendant's counter claim will be discussed in turn.[3]

---

[3]The Court will not discuss Defendant's arguments for summary judgment against declaratory relief at this time because the discussion of estoppel in Part A is sufficient to address Defendant's concerns.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00106 ODW (Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Monica Hujazi, et al. v. Bank of Am., Nat'l. Assoc.* | | |

**A.    Plaintiffs' Breach of Contract Claim**

Defendant moves for summary judgment on Plaintiffs' breach of contract claim alleging there is no evidence that Defendant breached any contract with Plaintiffs.  (Mot. at 16.)  In order to establish breach of contract under California law, a plaintiff must establish four elements: (1) an existing contract, (2) plaintiff's performance of that contract or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.  *See Reichert v. General Ins. Co. of Am.,* 442 P.2d 377, 381 (Cal. 1968).  Plaintiffs' breach of contract claim is based on allegations that Defendant breached its loan agreements with Plaintiffs when it improperly declared default and improperly froze Plaintiffs' lines of credit with the Bank.  (*See* Compl. ¶ 81.)

Defendant argues there is no evidence that the Bank breached its loan agreements with Plaintiffs because FRB was entitled to declare default, discontinue advances, and accelerate both the 2003 FRB loan and the 2005 FRB loan.  (*See* Mot. at 17.)  Specifically, Defendant contends that Plaintiffs terminated and/or defaulted on the 2003 FRB loan in June 2005 when Plaintiffs had East West pay off the balance of the loan and allowed East West to place a lien on the Alexandria Property.  (Mot. at 17.)  Further, Defendant asserts that because the Bank made a mistake when it subsequently allowed Plaintiffs to borrow $800,000 against the unsecured 2003 FRB line of credit, Plaintiffs were required to repay the full amount on demand.  (*See* Mot. at 20.)  Thus, when Plaintiffs failed to repay the $800,000 advance, Defendant contends that it was entitled to declare default and discontinue advances to Plaintiffs because Plaintiffs were in breach of Section 6.2 of both the 2003 FRB Loan Agreement and the 2005 FRB Loan Agreement. (Mot. at 19-20.)  The Court disagrees.

While Plaintiffs do not dispute that the 2003 FRB loan should have been terminated in 2005 (Opp. at 4), Plaintiffs assert that there is a triable issue as to whether Defendant was entitled to declare default on that loan in 2009.  (*See* Opp. at 13.)  Specifically, Plaintiffs contend that because FRB failed to reconvey the Alexandria Property after East West paid off the 2003 FRB Loan, and because FRB represented to Plaintiffs for four years following the pay off that the 2003 FRB line of credit was still open, a genuine issue exists as to whether Defendant is estopped from or has waived its

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-00106 ODW (Ex) | Date | February 15, 2011 |
|----------|----------------------|------|-------------------|
| Title | *Monica Hujazi, et al. v. Bank of Am., Nat'l. Assoc.* | | |

right to declare default under the loan agreement.  (*See* Opp. at 17, 18.)  The Court agrees.

Typically, "the determination of either waiver or estoppel is a question of fact" for the trier of fact to decide.  *See Platt Pacific, Inc., v. Andelson,* 6 Cal. 4th 307, 319 (1993).  The question is only appropriate for summary judgment if, "assuming all factual requirements have been met, no estoppel could exist as a matter of law."  *Page v. City of Montebello,* 112 Cal. App. 3d 658, 666 (1980).  The requirements for equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) the party must intend that their conduct shall be acted upon, or must act in a manner such that the party asserting estoppel has the right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) the other party must rely on the conduct to their detriment.  *See Strong v. County of Santa Cruz,* 15 Cal. 3d 720, 725 (1975).  Plaintiffs assert estoppel based upon the facts that Plaintiffs apprised FRB of the existence of the East West lien on the Alexandria Property each year from 2005 to the present; from 2005 to 2009 FRB provided Plaintiffs monthly notices indicating an available line of credit on the 2003 FRB line of credit secured by the Alexandria Property; the Bank did not reconvey the Alexandria Property to Plaintiffs until November 2010; and the Bank's failure to remove their lien from the Alexandria Property was detrimental to Plaintiffs since they could not borrow any further against that property.  (*See* Opp. at 17-18.)  Viewing these facts in the light most favorable to Plaintiffs, the Court cannot say that no estoppel could exist as a matter of law.  Accordingly, a genuine issue of material fact exists as to whether Defendant breached its loan agreements with Plaintiffs.

### B.     Defendant's Claim for Money Had and Received

Defendant also moves for summary judgment on its counter-claim for money had and received alleging that Plaintiff Hujazi, in her individual capacity ("Hujazi"), is indebted to Defendant in the sum of $800,000.  (Mot. at 23-24.)  Specifically, Defendant alleges that because the $800,000 was advanced to Hujazi by mistake, "Hujazi is required to repay the $800,000 to the Bank."  (Mot. at 23-24.)  To recover money paid by mistake in an action for money had and received, Defendant must show that "money was exacted to which [Hujazi] had no legal right."  *See J.C. Peacock, Inc., v. Hasko*, 196 Cal. App. 2d

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00106 ODW (Ex) | Date | February 15, 2011 |
|----------|----------------------|------|-------------------|
| Title | *Monica Hujazi, et al. v. Bank of Am., Nat'l. Assoc.* | | |

353, 361 (1961) ("It is well established in our practice that an action for money had and received will lie to recover money paid by mistake . . . whereby money was exacted to which the defendant had no legal right.") ( *quoting Ezmirlian v. Otto,* 139 Cal. App. 486, 496 (1934). Because Plaintiffs have asserted estoppel challenging Defendant's entitlement to declare default on Plaintiffs' loans, a genuine issue of fact exists as to whether Hujazi had a legal right to the $800,000 advance. *See supra* Part A. Accordingly, Defendant is not entitled to judgment as a matter of law on this claim.

## IV.    CONCLUSION

For the reasons discussed above, the Court finds that Defendant Bank of America, National Association's Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|--|------|---|-----|
| Initials of Preparer | RGN | | |